ACCEPTED
06-14-00096-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/31/2015 12:18:41 PM
DEBBIE AUTREY
CLERK

## NO. 06-14-00096-CR

_____

**IN THE COURT OF APPEALS**

**SIXTH DISTRICT**

**AT TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/31/2015 12:18:41 PM

DEBBIE AUTREY
Clerk

_____

**MICKEY LEE BATES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

_____

**APPEAL IN CAUSE NUMBER 25346**

**IN THE DISTRICT COURT**

**SIXTH JUDICIAL DISTRICT**

**OF LAMAR COUNTY, TEXAS**

_____

**APPELLANT'S MOTION FOR REHEARING**

_____

Gary L. Waite
State Bar No. 20667500
104 Lamar Ave.
Paris, Texas 75460
Telephone (903) 785 - 0096
Fax: (903) 785 - 0097
**ATTORNEY FOR THE APPELLANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

GROUNDS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

GROUND  ONE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

This Court analysis and finding that it was error to admit  a sound recording before the jury is correct.  The Court erred in its finding that these serious Constitutional errors were harmless beyond a reasonable doubt.

GROUND  TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Appellant was entitled to confront the witnesses against him. This includes the right of physical presence of the witness before the jury and the appellant without appellant's having to call the witnesses.  This Court's finding is correct, however, the Court erred in its finding that these serious constitutional errors were harmless beyond a reasonable doubt.

ARGUMENT AND AUTHORITY UNDER GROUND
ONE AND TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

GROUND  THREE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

This Court is correct in its finding  that  trial court erred in admitting into evidence statement made to officers by the appellant while under arrest in violation of *Miranda*.  However, the Court erred in its finding that the serious constitutional errors discussed were harmless beyond a reasonable doubt.

ARGUMENT AND AUTHORITY UNDER GROUND  THREE. . . . . . . . . . . 4-5

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INDEX OF AUTHORITIES

CASES

*Crawford v. Washington*, 541 U.S. 36 (2004). . . . . . . . . . . . . . . . . . . .. . . . . . . . . 3

*Miranda v. Arizona*, 384 U.S. 436 (1966). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007) . . . . . . . . . . . . .. . . . . .3

*Snowden v. State*, 353 S.W. 3d 815, 822 (Tex. Crim. App. 2011). . . . . . . . . . . . . . 5

Rules and Statutes

Tex R. App. P. 44.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## NO. 06-14-00096-CR

| STATE OF TEXAS | § | IN THE |
| --- | --- | --- |
|  | § |  |
| VS. | § | SIXTH COURT |
|  | § |  |
| MICKEY LEE BATES | § | OF APPEALS |
|  | § |  |

## APPELLANT'S MOTION FOR REHEARING

### TO THE HONORABLE JUDGES OF SAID COURT:

Now comes Mickey Lee Bates, appellant in the above styled and numbered cause, and moves the Court to grant his Motion for Rehearing its Opinion and Judgment affirming Appellant's conviction dated June 17, 2015, and for good cause shows the following:

## GROUNDS PRESENTED FOR REHEARING

### GROUND ONE

This Court analysis and finding that it was error to admit a sound recording before the jury is correct. The Court erredin its finding that these serious Constitutional errors were harmless beyond a reasonable doubt.

### GROUND TWO

Appellant was entitled to confront the witnesses against him. This includes the right of physical presence of the witness before the jury and the appellant without appellant's having to call the witnesses. This Court's finding is correct,

however, the Court erred in its finding that these serious constitutional errors were harmless beyond a reasonable doubt.

**GROUND THREE**

This Court is correct in its finding that trial court erred in admitting into evidence statement made to officers by the appellant while under arrest in violation of *Miranda*. However, the Court erred in its finding that the serious constitutional errors discussed were harmless beyond a reasonable doubt

**ARGUMENT AND AUTHORITIES UNDER GROUNDS ONE AND TWO**

**GROUND ONE (RESTATED)**

This Court analysis and finding that it was error to admit a sound recording before the jury is correct. The Court erred in its finding that these serious Constitutional errors were harmless beyond a reasonable doubt.

**GROUND TWO (RESTATED)**

Appellant was entitled to confront the witnesses against him. This includes the right of physical presence of the witness before the jury and the appellant without appellant's having to call the witnesses. This Court's finding is correct, however, the Court erred in its finding that these serious constitutional errors were harmless beyond a reasonable doubt.

This Court came to the conclusion that "the witness statements recorded on the police dash cam were testimonial, and their admission to evidence was error. As this was a violation of a constitutional protection, we must reverse Bates' conviction unless we can determine beyond a reasonable doubt that the error neither contributed to Bates' conviction nor his punishment." See Tex R. App. P. 44.2(a); (Slip Op at 12 ).

The Court then made a harm analysis as set forth in *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007). Appellant respectfully submits to the Court that it did not properly apply Scott in its interpretation of *Crawford v. Washington*, 541 U.S. 36 (2004). The Court of Criminal appeals, in *Scott*, states that the emphasis of the harm analysis pursuant to Rule 44.2(a), Tex. R. App. P., should not be on the propriety of the outcome of the trial. The question for the reviewing court is not whether the jury verdict was supported by the evidence. Instead, the question is the likelihood that the constitutional error was actually a contributing factor in the jury's deliberations in arriving at that verdict–whether, in other words, the error adversely affected 'the integrity of the process leading to the conviction.' In reaching that decision, the reviewing court may also consider factors other than those listed in those listed (in *Scott* at page 390; Slip Op. P. 12).

3

In this case the Court did not consider the "mob" atmosphere depicted and created by the video and audio of state's Exhibit 3. This mob atmosphere is described quite well by this Court's rendition of the events in the opinion. (Slip op. pp. 5-6). Based on the foregoing, Appellant requests that the Court reverse his conviction and grant a new trial in this cause.

**GROUND THREE (Restated)**

This Court is correct in its finding that trial court erred in admitting into evidence statement made to officers by the appellant while under arrest in violation of *Miranda*. (*Miranda v. Arizona*, 384 U.S. 436 (1966)) However, the Court erred in its finding that the serious constitutional errors discussed were harmless beyond a reasonable doubt.

Appellant agrees with the rendition of the facts as set forth in the Court's opinion. However, there is one area where the facts need to be set forth in more detail, and are germane to this particular issue. At page six of this Court's opinion the Court correctly states "After talking to witnesses, the voices of the officers are heard conversing with one another, but their conversation is mostly indecipherable, although the word 'arrest' is clearly audible at some point during these discussions." ( Slip op. p. 6.) There is more discussion after this than is apparent by the Court's rendition of the facts. After the officers

4

discussion of the imminent arrest of appellant, without giving *Miranda* warnings, the officer interrogates appellant about the accident. (See Exhibit 3, video at time 2053-2057) The *Miranda* violation is more egregious than the opinion's facts suggest. The Court states in its opinion that the erroneous admission of the evidence was not in the nature of a confession. However, the berating of appellant by the officers for suggesting that he did not do anything to help Whitlock was harmful when submitted to the jury. (Exhibit 3, video time 2053-2057). The accusatory questions and the responses of appellant were harmful to appellant. It suggests that he callously left Whitlock under his truck and did nothing to help him. It cannot be said, beyond a reasonable doubt, that this did not cause harm the appellant and contribute to his conviction or punishment. *Snowden v. State*, 353 S.W. 3d 815, 822 (Tex. Crim. App. 2011).

Based on the foregoing argument and authorities, appellant requests that the Court reconsider its judgment in this case grant Appellant's Motion for Rehearing, reverse and remand this case for a new trial.

## CONCLUSION AND PRAYER

Based on the foregoing argument and authority, this case should be reversed and remanded for a new trial, or alternatively, remanded for a new trial

Gary L. Waite
104 Lamar Ave.
Paris, Texas 75460
(903) 785-0096
(903) 785-0097

By: /s/Gary L. Waite
Gary L. Waite
State Bar No. 20667500
garywaite@sbcglobal.net
Attorney for Mickey Lee Bates

## CERTIFICATE OF SERVICE

This is to certify that on July 31, 2015, a true and correct copy of the above and foregoing document was served on the County Attorney's Office, Lamar County, 119 N. Main, Paris, Texas 75460, by personal delivery.

/s/ Gary L. Waite
Gary L. Waite